# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| TECUMSEH M. MAYES, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. 5:18-CV-1589-CLS |
| MARY BECKER WINDOM (Court of Appeals), and ATTORNEY GENERAL (State of Alabama), | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff, Techumseh H. Mayes, filed a *pro se* complaint on September 27, 2018, and named as defendants the Attorney General of the State of Alabama and Mary Becker Windom, who is a judge on the Alabama Court of Criminal Appeals.[1] Mayes neither paid the filing fee nor submitted a motion for leave to proceed *in forma pauperis*. His case would be due to dismissed on those grounds alone.

Moreover, even if plaintiff had moved for and been granted *in forma pauperis* status, the court would have engaged in a review of his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and found it apparent that plaintiff did not state a claim upon which relief might be granted.

Plaintiff asserts that Judge Windom and the Attorney General violated his due

---

[1] Doc. no. 1.

process rights by denying his request to proceed *in forma pauperis* when he appealed his state court convictions for misdemeanor charges to the Alabama Court of Criminal Appeals, even though he had been appointed counsel due to his indigent status during his state court trial proceedings.[2] All of those claims are barred by immunity.

> Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction." *Cleavinger v. Saxner*, 474 U.S. 193, 199, 106 S. Ct. 496, 88 L. Ed. 2d 507 (1985). The immunity applies even when the judge's conduct "was in error, was done maliciously, or was in excess of his authority . . . ." *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978).
>
> This absolute immunity is intended "for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." *Pierson v. Ray*, 386 U.S. 547, 554, 87 S. Ct. 1213, 18 L. Ed. 2d 288 (1967). A judge has a duty to decide all cases brought before [her], including those cases that are controversial and that may "arouse the most intense feelings in the litigants." *Id*. A judge's "errors may be corrected on appeal, but [s]he should not have to fear that unsatisfied litigants may hound [her] with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decision-making but to intimidation." *Id*.; *see also Forrester v. White*, 484 U.S. 219, 226-27, 108 S. Ct. 538, 98 L. Ed. 2d 555 (1988) ("If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits. The resulting timidity would be hard to detect or control, and it would manifestly detract from independent and impartial adjudication." (citation omitted)).

*Stevens v. Osuna*, 877 F.3d 1293, 1301 (11th Cir. 2017) (alterations supplied). In

---

[2] *See* doc. no. 2 (Memorandum and Attachment in support of Complaint).

applying judicial immunity, the court must determine whether the judge "acted in [her] judicial capacity and, if so, whether [s]he acted in the 'clear absence of all jurisdiction.'" *Id.* at 1304 (citing *Stump*, 435 U.S. at 356-57) (alterations supplied). An action is "judicial" for purposes of immunity when: (1) it is an act normally performed by judges; and (2) the complaining party dealt with the judge in her judicial capacity. *Stevens*, 874 F.3d at 1304 (citing *Stump*, 435 U.S. at 362).

Here, it is beyond question that Judge Windom was acting in a judicial capacity during the events about which plaintiff complains. Deciding a motion to proceed *in forma pauperis* is an action normally performed by judges, and Judge Windom's decision not to grant plaintiff's motion occurred within the context of an appellate case over which Judge Windom was presiding. Moreover, Judge Windom possessed jurisdiction to rule on such a motion. Accordingly, Judge Windom is entitled to absolute prosecutorial immunity.

It is difficult to discern from plaintiff's complaint what role the Alabama Attorney General would have played in preventing plaintiff from attaining indigent status for his state court appeal. Even if the Attorney General were involved in that decision, however, he would be entitled to the benefits of prosecutorial immunity.

> A prosecutor is immune from liability under § 1983 for his actions "in initiating a prosecution and in presenting the State's case," and for actions that are "intimately associated with the judicial phase of the

criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430-31, 96 S. Ct. 984, 995, 47 L. Ed. 2d 128 (1976). That includes "actions preliminary to the initiation of a prosecution and actions apart from the courtroom." *Buckley*[ *v. Fitzsimmons*], 509 U.S. [259,] 272, 113 S. Ct. [2606,] 2615[ (1993)].

*Mikko v. City of Atlanta, Georgia*, 857 F.3d 1136, 1142 (11th Cir. 2017) (alterations supplied). *See also Mastroianni v. Bowers*, 173 F.3d 1363, 1366-67 (11th Cir. 1999) (holding that two employees of the Georgia Attorney General's office were entitled to prosecutorial immunity). To the extent that the Alabama Attorney General was involved in any decision to deny plaintiff's right to proceed *in forma pauperis* on appeal from his state court convictions, that involvement would have been part of his prosecutorial duties as an advocate for the State. Accordingly, plaintiff's claims against the Attorney General are barred by prosecutorial immunity.

In accordance with the foregoing, all of plaintiff's claims are due to be dismissed with prejudice. A separate judgment will be entered contemporaneously herewith.

DONE and ORDERED this 11th day of October, 2018.

_____
United States District Judge